IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
REGINALD W. HILL,              )
                               )
    Plaintiff,                 )
                               )      CIVIL ACTION NO.
    v.                         )        2:24cv536-MHT
                               )            (WO)
DEPARTMENT OF VETERANS         )
AFFAIRS,                       )
                               )
    Defendant.                 )
```

OPINION

Plaintiff filed this lawsuit asserting that he was injured while being transported in a patient shuttle at the Montgomery, Alabama Veteran's Affairs Hospital. He claims that, while he was being transported, the floor of the shuttle collapsed under him, catching his foot, and injuring him, as well as damaging his glasses and cane. This lawsuit is before the court on the recommendation of the United States Magistrate Judge that that defendant's motion to dismiss be granted and plaintiff's case be dismissed without prejudice due to a failure to exhaust administrative remedies and a

failure to name the proper defendant. There are no objections to the recommendation. After an independent and de novo review of the record, the court concludes that the magistrate judge's recommendation should be adopted to the extent that it recommends dismissal for a failure exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"). Still, the court wishes to say a few additional words for why it is adopting the recommendation.

The magistrate judge properly construed the claim plaintiff initially pled in his complaint as an FTCA claim for damages. After the government moved to dismiss, plaintiff responded with a letter imploring the magistrate judge not to dismiss his claim. In his letter, plaintiff suggested that all he was really seeking was "an apology from the Director or any of the staff members to [his] wife ...." Pl.'s Resp. (Doc. 20) 2. As the report and recommendation does not address this request for an apology, the court will

explain why the request was not granted.

Because plaintiff did not include the request in his complaint and requested only compensation, the court may not consider that requested relief. *See* Fed. R. Civ. P. 8(a)(3) (a complaint must include "a demand for the relief sought, which may include relief in the alternative or different types of relief."). Plus, it is not clear that the court has the power to order the government to apologize. While it may seem like a small thing, whether the court has this power is a very difficult legal question.* And since the request was not in the complaint, the parties have not had the chance to brief the court to ensure it correctly answers this difficult legal question.

Even though federal courts have broad power to provide relief to parties, that power is not infinite.

---

* *See Campbell v. District of Columbia*, 161 F. Supp. 3d 117, 118-19 (D.D.C. 2016) (Contreras, J.). *See generally* Brent T. White, *Say You're Sorry: Court-Ordered Apologies as a Civil Rights Remedy*, 91 CORNELL L. REV. 1261 (2006).

**The court is not free to right moral wrongs: it may only right legal ones.  And it can only do so when plaintiffs meet all the legal requirements for relief. Unfortunately, plaintiff did not do so here.  Because this court lacks jurisdiction to hear plaintiff's claim for monetary relief and his claim for nonmonetary relief was not properly pled, plaintiff's complaint will be dismissed without prejudice.**

   **An appropriate judgment will be entered.**

   **DONE, this the 3rd day of June, 2025.**

                              /s/ Myron H. Thompson
                         **UNITED STATES DISTRICT JUDGE**